**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DEBRA A. KORNACKI,

    Plaintiff,

vs.                              Case No. 3:14-cv-784-J-34MCR

SOUTHERN FARM BUREAU
LIFE INSURANCE COMPANY,
a Mississippi corporation,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").

On July 7, 2014, Plaintiff filed her Complaint (Doc. 1), asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. See Complaint ¶ 5. Plaintiff asserts that diversity jurisdiction exists because there is diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. Id. Specifically, Plaintiff alleges that Defendant "is a corporation organized and existing under the laws of the

State of Mississippi, with its principal place of business located in Jackson, Mississippi" and that she "is residing in Hilliard, Florida." Id. ¶¶ 3-4.  However, Plaintiff fails to identify her citizenship.  See generally id.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants."  Univ. of S. Ala., 168 F.3d at 412.  To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides.  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom."  McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).

The Court's review of the Complaint discloses that the requisite diversity of citizenship is not apparent from Plaintiff's allegations.  As the Complaint discloses only Plaintiff's residence, rather than her state of citizenship, the Court finds that Plaintiff has not alleged the facts necessary to establish the Court's jurisdiction over this case.  See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

In light of the foregoing, the Court will give Plaintiff an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over this action.[1] Accordingly, it is

**ORDERED**:

Plaintiff shall have until **July 23, 2014**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida, on this 10th day of July, 2014.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record

---

[1] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").