UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEBRA A. KORNACKI,

                Plaintiff,

-vs-                                                  Case No. 3:14-cv-784-J-34MCR

SOUTHERN FARM BUREAU LIFE
INSURANCE COMPANY,

                Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff Debra Kornacki's Motion for Reconsideration (Doc. 61; Motion), filed on November 6, 2015. Citing both Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure (Rule(s)), Mrs. Kornacki seeks reconsideration of the Court's Order (Doc. 59; Summary Judgment Order) granting Defendant Southern Farm Bureau Life Insurance Company's Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. 21; Summary Judgment Motion). See generally Motion. She contends that the Court should grant her Motion "to correct clear error and prevent manifest injustice." Id. at 2. On November 23, 2015, SFBLIC filed Defendant's Response in Opposition to Plaintiff's Motion for Reconsideration (Doc. 62; Response). Accordingly, this matter is ripe for review.

A motion to alter or amend a judgment may be filed pursuant to Rule 59(e).[1] Rule 59(e) affords the Court discretion to reconsider an order which it has entered. See Mincey

---

[1] The Federal Rules of Civil Procedure do not specifically provide for the filing of a motion for reconsideration. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Controlled Semiconductor, Inc. v. Control Systemation, Inc., No. 6:07-cv-1742-Orl-31KRS, 2008 WL 4459085, at *1 (M.D. Fla. Oct. 1, 2008). It is widely recognized, however, that Rule 59(e) (which governs motions "to alter

v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly[ ]discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999). For example, reconsideration may be appropriate where "the Court has patently misunderstood a party." O'Neill v. The Home Depot U.S.A., Inc., 243 F.R.D. 469, 483 (S.D. Fla. 2006).

The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry

---

or amend a judgment") encompasses motions for reconsideration. Controlled Semiconductor, Inc., 2008 WL 4459085, at *1 (citing 11 Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice & Procedure 2d § 2810.1 (2007)).

In her Motion, Mrs. Kornacki cites both Rule 59(e) and Rule 60(b) as the basis for the relief she seeks. Motion at 1. Upon review of the Motion, it appears that Mrs. Kornacki seeks reconsideration of the merits of the dispute addressed in the Court's Summary Judgment Order, consistent with the purposes of Rule 59(e). Shaarbay v. Florida, 269 F. App'x 866, 867 (11th Cir. 2008)(citing Wright v. Preferred Research, Inc., 891 F.2d 886, 889 (11th Cir. 1990)). Indeed, "[a] motion requesting the setting aside of summary judgment and a trial on the merits of the case is best characterized as a Rule 59(e) motion." Rance v. D.R. Horton, Inc., 316 F. App'x 860, 863 (11th Cir. 2008) (citing Mays v. United States Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997)). Additionally, Mrs. Kornacki filed the Motion within twenty-eight days after the entry of the Summary Judgment Order, as required by Rule 59(e). See Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994); see also Rance, 316 F. App'x at 863 (explaining that a post-judgment motion to alter or amend the judgment served within the time for filing a Rule 59 motion other than a motion to correct purely clerical errors, "is within the scope of Rule 59(e) regardless of its label"); Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003). Accordingly, the Motion is properly construed as falling under Rule 59(e). Moreover, even if the Court were to consider the Motion under Rule 60(b), doing so would not produce a different result. "A 'significantly higher' standard is generally used to decide whether a movant is entitled to relief under Rule 60(b)." Holland v. Tucker, No. 06-CIV-20182, 2012 WL 2412115, at *2 n.1 (S.D. Fla. June 26, 2012) (quoting Vanderberg v. Donaldson, 259 F.3d 1321, 1326 (11th Cir. 2001)). Therefore, if Mrs. Kornacki is not entitled to relief under Rule 59(e), she also is not entitled to relief under Rule 60(b), and the Court need not address her arguments under Rule 60(b) separately.

of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). Additionally, motions to alter or amend "should not be used to raise arguments which could, and should, have been made before the judgment was issued." O'Neal, 958 F.2d at 1047 (quotations and citations omitted). Indeed, permitting a party to raise new arguments on a motion for reconsideration "essentially affords a litigant 'two bites of the apple.'" Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985); see also Mincey, 206 F.3d at 1137 n.69 (citation omitted); Mays v. United States Postal Service, 122 F.3d 43, 46 (11th Cir. 1997) ("[A] motion to reconsider should not be used by the parties to set forth new theories of law"). Accordingly, the Eleventh Circuit Court of Appeals has held that the "[d]enial of a motion for reconsideration is especially sound when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage of the litigation." Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1292 (11th Cir. 2001) (internal quotations and citation omitted). Moreover, "[w]hen evaluating a motion for reconsideration, a court should proceed cautiously, realizing that 'in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" United States v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (citation omitted).

Of the limited grounds for relief under Rule 59(e), Mrs. Kornacki argues that reconsideration is necessary here to correct clear error and prevent manifest injustice. See Motion at 2. Specifically, she contends that the Court clearly erred in (1) accepting Brad Raulerson's testimony about a conversation with Dr. Kornacki as "direct and conclusive evidence" that Dr. Kornacki had authorized Raulerson to cancel Dr. Kornacki's monthly automatic payment of his life-insurance premium; (2) overlooking evidence

undermining Raulerson's credibility in determining that a reasonable jury must accept Raulerson's testimony as true; (3) sua sponte considering an argument SFBLIC did not raise; and (4) failing to consider that the check Dr. Kornacki purportedly delivered to Raulerson's office was from Dr. Kornacki's business account and that it could have been a voided check intended to reestablish Dr. Kornacki's monthly automatic payment. Motion at 2–9. SFBLIC responds that (1) the Court appropriately considered Raulerson's testimony as circumstantial evidence that Dr. Kornacki authorized Raulerson to cancel the automatic payment; (2) Mrs. Kornacki offers only unfounded speculation to support her assertion that the Court failed to consider evidence undermining Raulerson's testimony; (3) SFBLIC argued in both its Summary Judgment Motion and its Reply that Dr. Kornacki was required to pay the full semi-annual premium, so the Court did not improperly consider that question sua sponte; and (4) there is no evidence supporting Mrs. Kornacki's assertion that the alleged check in Raulerson's office was a voided check provided to reestablish Dr. Kornacki's automatic payments. Response at 3–10.

Mrs. Kornacki has presented no basis for the Court to reconsider or amend its Summary Judgment Order. She contends that the Court considered Raulerson's testimony for an impermissible purpose, but her argument misconstrues the Court's holding. The Court concluded that Raulerson's testimony was relevant only to establish what Dr. Kornacki said to Raulerson. The Court did not consider it as evidence of Dr. Kornacki's subjective intent when he said the words about which Raulerson testified, nor was it required to do so. All that matters is whether Dr. Kornacki told Raulerson to cancel the automatic draft, and Raulerson's testimony in that regard—that is, the words Dr. Kornacki spoke to him—is undisputed. To the extent that Mrs. Kornacki contends SFBLIC

needed to demonstrate Dr. Kornacki's subjective intent, her argument further fails because she points to no evidence suggesting that Dr. Kornacki did not mean what he expressly said to Raulerson.

Mrs. Kornacki also contends that the Court overlooked evidence undermining Raulerson's credibility, specifically pointing to (1) Raulerson's testimony that his agent portal showed that Dr. Kornacki's policy was in force on the date Dr. Kornacki died and (2) the fact that Raulerson could recall his conversation with Dr. Kornacki in detail but could not remember who else he had talked to that day. Motion at 5–7. She argues that that evidence suggests that Raulerson fabricated his testimony that Dr. Kornacki had told him to cancel the automatic payment. Id. In doing so, Mrs. Kornacki presents a new argument that she did not raise in her briefing on the Summary Judgment Motion. See generally Docs. 33, 40. Because she has offered no explanation for why she was unable to advance that argument earlier, the Court need not consider it. See O'Neal, 958 F.2d at 1047. In any event, the Court fails to see how the evidence that Mrs. Kornacki cites affects the Court's reasons for granting summary judgment in SFBLIC's favor.

Mrs. Kornacki also contends that the Court sua sponte considered an argument not advanced by SFBLIC: that whether Dr. Kornacki delivered a check to Raulerson's office was immaterial because a jury could not reasonably infer that any check was for the full semi-annual premium, as required by the notice Dr. Kornacki had received. Motion at 8. As SFBLIC observes, however, SFBLIC in fact did argue in its briefing that Dr. Kornacki was required to pay the full semi-annual premium and that there was no evidence of the amount on the check. See Summary Judgment Motion at 14–15, 19, 21–22; Doc. 38 at 7. The Court therefore did not sua sponte raise that argument for SFBLIC.

Finally, Mrs. Kornacki contends that the Court clearly erred in concluding that whether Dr. Kornacki delivered the check was immaterial because (1) the Court failed to account for the fact that the check was from Dr. Kornacki's business account, and (2) the check could have been a voided check provided to reestablish Dr. Kornacki's automatic payments. Motion at 8–9. As to the first argument, the Court expressly recognized that the check purportedly was from Dr. Kornacki's business account. See Summary Judgment Order at 8. That fact does not affect the determination of the reasonableness of any inference that the check Dr. Kornacki allegedly provided was for the full semi-annual premium because there is no evidence of the amount of the check, and Dr. Kornacki's statement that the full amount was not in his budget was not confined to only his personal finances. Mrs. Kornacki raises the second argument for the first time in the context of this Motion. Throughout her briefing on summary judgment, Mrs. Kornacki argued only that Dr. Kornacki's check was a premium payment. See generally Docs. 33, 40. As such, the Court need not consider her new, alternative theory. In any event, there is no evidence suggesting that the check was voided[1] or that the employees who purportedly saw the check also saw an authorization form, so any inference that the check was meant to reestablish the automatic premium payment would be unreasonable.

Mrs. Kornacki is not entitled to raise new arguments or relitigate old ones through her Motion for Reconsideration. After considering her arguments, the Court finds no

---

[1] Indeed, Dana Bell, one of the employees who purportedly saw the check, stated in her affidavit that the "date, whom it was made payable to, amount, and signature were handwritten," Doc. 33-11 at 3, suggesting that the check was not voided but was for some undetermined amount. Debra Rochester, the other employee who purportedly saw the check, stated in her affidavit that she saw a "premium check." Id. at 5–6.

reason to reconsider its Summary Judgment Order. In light of the foregoing, the Motion is due to be denied. Accordingly, it is hereby

**ORDERED:**

Plaintiff Debra Kornacki's Motion for Reconsideration (Doc. 61) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, on December 1, 2015.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc21

Copies to counsel of record